IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN COLEMAN, | § | |
| | § | No. 191, 2018 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N18C-01-108 |
| MATTHEW STEVENSON and | § | |
| RANDALL DOTSON, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 13, 2018
Decided:   September 13, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Devin Coleman, filed this appeal from a Superior Court order dismissing his complaint. After careful review of the parties' briefs and the record on appeal, we conclude that the Superior Court did not err in dismissing the complaint. We therefore affirm the judgment of the Superior Court.

(2)     Coleman has been incarcerated at James T. Vaughn Correctional Center since 2013.[1]  On December 2, 2017, a prison guard discovered that Coleman possessed a homemade heating device known as a "stinger" and confiscated the device.  On December 3, 2017, Coleman was served with a disciplinary report charging him with violations of the Department of Correction rules of conduct, including possession of dangerous contraband.

(3)     On December 4, 2017, Defendant Matthew Stevenson presided over Coleman's disciplinary hearing.  Coleman admitted to possession of the stinger, but pled not guilty to possession of dangerous contraband.  Stevenson found Coleman had possessed dangerous contraband in violation of the rules of conduct and imposed sanctions that included the loss of fifteen days of good time credit.  Coleman unsuccessfully appealed Stevenson's findings to Defendant Randall Dotson.

(4)     On January 12, 2018, Coleman filed a complaint in the Superior Court under 42 U.S.C. § 1983.  Coleman admitted that he was found in possession of a homemade stinger, but alleged multiple due process violations and that a homemade stinger did not constitute dangerous contraband.  The Superior Court dismissed the complaint, finding it plainly appeared from the face of the complaint that Coleman was not entitled to relief.  The Superior Court held that the complaint lacked merit

---

[1] The facts stated in this Order are drawn from the allegations of the complaint and are assumed to be true only for purposes of this appeal from the dismissal of the complaint. *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001).

2

because Coleman's "admission of guilt to possessing the stinger…was an underlying basis for a finding of guilty on the possession of dangerous contraband charge."[2] This appeal followed.

(5) We review the Superior Court's dismissal of a complaint for failure to state a claim *de novo*.[3] Coleman's arguments on appeal may be summarized as follows: (i) his homemade stinger was not dangerous contraband; (ii) his due process rights were violated because he received less than 24 hours' notice of the disciplinary hearing, he was not permitted to call a witness at the disciplinary hearing, and Stevenson failed to provide a written statement of the evidence relied upon and the reason for the disciplinary action taken; and (iii) the Superior Court erred in dismissing his complaint for failure to state a claim before denying his motion to proceed *in forma pauperis*. These claims are without merit.

(6) The gist of Coleman's complaint and argument on appeal is that his homemade stinger could not be dangerous contraband under Rule 1.18 of the Department of Correction Rules of Conduct. Rule 1.18, which Coleman attached to his complaint, defines possession of dangerous contraband as:

> [u]nauthorized possession of weapons (including fascimiles of these devices), physical objects that could be used as weapons, explosives, acids, caustics, materials for incendiary devices, or escape materials; possession of "critical" tools and material or dangerous tools and

---

[2] *Coleman v. Stevenson*, C.A. No. N18C-01-108 Order (Del. Super. Ct. Mar. 20, 2018)
[3] *Malpiede*, 780 A.2d at 1082.

3

materials. This includes, but is not limited to gasoline, sulfuric acid, lye, prison-made knives, matches, lighters, and pipe bombs.

Coleman argues that his homemade stinger could not be dangerous contraband because the Department of Correction Commissary sells immersion heaters, which perform the same function as stingers—heating water. In making this argument, Coleman ignores the fact that he did not possess a device sold by the Department of Correction Commissary. He possessed a jerry-rigged device that could function improperly and that could be considered a dangerous tool or material under Rule 1.18.[4]

(7) As to Coleman's due process claims, the United States Supreme Court has held that when a prisoner faces a loss of good time credits, he must receive: (i) advance written notice of the disciplinary charges no less than 24 hours before the disciplinary hearing; (ii) an opportunity to call witnesses and present documentary evidence in his defense, subject to institutional safety and correctional goals; and (iii) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action.[5] In his complaint, Coleman alleged that he was served with the disciplinary report charging him with violations of the Department of Correction rules of conduct on December 3, 2017 and that the disciplinary hearing

---

[4] *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators…should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

[5] *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).

was on December 4, 2017. Although Coleman alleged that he received less than 24 hours' notice of the hearing, he failed to allege how much notice he received or how he was prejudiced by receiving less than 24 hours' notice.

(8) Coleman also failed to provide any description of the desired witness's testimony or how that witness's testimony would be relevant to his defense.[6] As to Stevenson's finding that Coleman had possessed dangerous contraband, Coleman alleged that Stevenson's rationale was based on the December 3, 2017 disciplinary report. Coleman's dissatisfaction with Stevenson basing his findings on the disciplinary report does not state a claim for relief. Coleman admitted that he possessed a homemade stinger. Under these circumstances, the Superior Court did not err in dismissing Coleman's complaint for failure to state a claim. Finally, contrary to Coleman's contentions, nothing in Delaware's *in forma pauperis* statute precluded the Superior Court from dismissing his complaint for failure to state a claim and denying his motion to proceed *in forma pauperis*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] For the first time on appeal, Coleman states that this witness would have testified that the stinger did not work. Coleman did not include this allegation in his complaint. We will not consider it for the first time on appeal. Supr. Ct. R. 8.